UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

BONNIE S. CLARK,                          )
                                          )
        Plaintiff,                        )
                                          )
                                          )
v.                                        )    No. 3:10-CV-36
                                          )    (PHILLIPS/SHIRLEY)
                                          )
MICHAEL J. ASTRUE,                        )
Commissioner of Social Security,          )
                                          )
        Defendant.                        )

## REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the Rules of this Court for a report and recommendation regarding disposition by the District Court of Plaintiff's Motion for Summary Judgment and Memorandum in Support [Docs. 13 and 14] and Defendant's Motion for Summary Judgment and Memorandum in Support [Docs. 15 and 16]. Plaintiff Bonnie S. Clark seeks judicial review of the decision of the Administrative Law Judge ("ALJ"), the final decision of the Defendant Michael J. Astrue, Commissioner of Social Security ("the Commissioner").

On March 5, 2007, the Plaintiff filed an application for a period of disability, disability insurance benefits, and supplemental security income, claiming a period of disability which began June 1, 2006. [Tr. 29]. After her application was denied initially and also denied upon reconsideration, Plaintiff requested a hearing. On June 8, 2009, a hearing was held before an ALJ to review determination of Plaintiff's claim. [Tr. 8-20]. On September 8, 2009, the ALJ found that

Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review; thus, the decision of the ALJ became the final decision of the Commissioner. Plaintiff now seeks judicial review of the Commissioner's decision.

**I.     ALJ FINDINGS**

> The ALJ made the following findings:
>
> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2009.
>
> 2. The claimant has not engaged in substantial gainful activity since June 1, 2006, the alleged onset date, according to the claimant's earnings record (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).
>
> 3. The claimant has the following severe impairments: back and mild anxiety disorders (20 CFR 404.1520(c) and 416.920(c)).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1525, 404.1526, 416.925 and 416.926).
>
> 5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work with mild mental limitations as defined in 20 CFR 404.1567(b) and 416.927(b) or to lift/carry twenty pounds occasionally and ten pounds frequently as well as sit and stand/walk six hours of an eight-hour workday.
>
> 6. The claimant is capable of performing past relevant work as a waitress. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).
>
> 7. The claimant has not been under a disability, as defined in the Social Security Act, from June 1, 2006 through the date of this decision (20 CFR 404.1520(f) and 416.920(f)).

[Tr. 31-36].

## II. DISABILITY ELIGIBILITY

An individual is eligible for SSI benefits on the basis of financial need and either age, blindness, or disability. See 42 U.S.C. § 1382(a). "Disability" is the inability "[t]o engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. 42 U.S.C. § 1382c(a)(3)(B).

Disability is evaluated pursuant to a five-step analysis summarized as follows:

> 1. If claimant is doing substantial gainful activity, he is not disabled.
>
> 2. If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.
>
> 3. If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.
>
> 4. If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.
>
> 5. Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity and vocational factors

(age, education, skills, etc.), he is not disabled.

Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 529 (6th Cir. 1997) (citing 20 C.F.R. § 404.1520). Plaintiff bears the burden of proof at the first four steps. Walters, 127 F.3d at 529. The burden shifts to the Commissioner at step five. Id. At the fifth step, the Commissioner must prove that there is work available in the national economy that the claimant could perform. Her v. Comm'r of Soc. Sec., 203 F.3d 388, 391 (6th Cir. 1999) (citing Bowen v. Yuckert, 482 U.S. 137, 146 (1987)).

## III. STANDARD OF REVIEW

When reviewing the Commissioner's determination of whether an individual is disabled pursuant to 42 U.S.C. § 405(g), the Court is limited to determining "whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." Blakley v. Comm'r of Soc. Sec., 581 F.3d 399, 405 (6th Cir. 2009) (citing Key v. Callahan, 109 F.3d 270, 273 (6th Cir. 1997)). If the ALJ applied the correct legal standards and his findings are supported by substantial evidence in the record, his decision is conclusive and must be affirmed. Warner v. Comm'r of Soc. Sec., 375 F.3d 387, 390 (6th Cir. 2004); 42 U.S.C. § 405(g). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 241 (6th Cir. 2007) (quotation omitted); see also Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison v. NLRB, 305 U.S. 197, 229 (1938)).

It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ, or whether the reviewing judge may have decided the case differently. Crisp v. Sec'y of Health & Human Servs., 790 F.2d 450, 453 n.4 (6th Cir. 1986). The substantial evidence standard is intended to create a "'zone of choice' within which the

Commissioner can act, without the fear of court interference." Buxton v. Halter, 246 F.3d 762, 773 (6th Cir. 2001) (quoting Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986)). Therefore, the Court will not "try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility." Walters, 127 F.3d at 528.

In addition to reviewing the ALJ's findings to determine whether they were supported by substantial evidence, the Court also reviews the ALJ's decision to determine whether it was reached through application of the correct legal standards and in accordance with the procedure mandated by the regulations and rulings promulgated by the Commissioner. See Wilson v. Comm'r of Soc. Sec., 378 F.3d 541, 544 (6th Cir. 2004). The Court may, however, decline to reverse and remand the Commissioner's determination if it finds that the ALJ's procedural errors were harmless.

An ALJ's violation of the Social Security Administration's procedural rules is harmless and will not result in reversible error "absent a showing that the claimant has been prejudiced on the merits or deprived of substantial rights because of the [ALJ]'s procedural lapses." Wilson, 378 F.3d at 546-47. Thus, an ALJ's procedural error is harmless if his ultimate decision was supported by substantial evidence *and* the error did not deprive the claimant of an important benefit or safeguard. See id. at 547.

On review, Plaintiff bears the burden of proving his entitlement to benefits. Boyes v. Sec'y. of Health & Human Servs., 46 F.3d 510, 512 (6th Cir. 1994) (citing Halsey v. Richardson, 441 F.2d 1230 (6th Cir. 1971)).

IV.     ANALYSIS

On appeal, Plaintiff argues that the ALJ's disability determination is not supported by substantial evidence. Plaintiff contends the ALJ erred by not affording controlling weight to the

5

opinion of Michael A. Chavin, M.D., and by not properly discussing the weight that was afforded to Dr. Chavin's opinion. [Doc. 14 at 9]. The Commissioner, in response, contends substantial evidence supports the ALJ's disability determination. [Doc. 16 at 7].

The Plaintiff challenges the ALJ's decision to give little weight to the opinion of Dr. Chavin, who she maintains was a treating physician. The Plaintiff argues that Dr. Chavin's opinion was entitled to controlling weight because it was the opinion of a treating physician and it was supported by Dr. Chavin's treatment notes. [Doc. 14 at 9-13]. The Plaintiff also maintains that the ALJ did not comply with procedural requirements by discussing his reasons for according Dr. Chavin's opinion less than controlling weight. [Doc. 14 at 18].

The Commissioner responds that the ALJ declined to give Dr. Chavin's opinion controlling weight because he found it was not supported by the treatment records from the Plaintiff's visits to the Morristown Pain Consultants. Specifically, the Commissioner argues that the findings in the Plaintiff's longitudinal treatment records– such as, normal gait, intact neurological functioning, and the lack of edema and atrophy– did not support the significant restrictions on Plaintiff's ability that Dr. Chavin later found. [Doc. 16 at 9]. The Commissioner maintains that the ALJ discussed pertinent evidence that contradicted Dr. Chavin's opinion and addressed the relevant factors, including supportability and consistency. [Doc. 16 at 12].

Under the Social Security Act and its implementing regulations, if a treating physician's opinion as to the nature and severity of an impairment is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record, it must be given controlling weight. 20 C.F.R.§§ 404.1527(d)(2) and 416.927(d)(2). But where an opinion does not garner controlling weight, the appropriate weight to

be given to an opinion will be determined based upon the following factors: length of treatment, frequency of examination, nature and extent of the treatment relationship, amount of relevant evidence that supports the opinion, the opinion's consistency with the record as a whole, the specialization of the source, and other factors which tend to support or contradict the opinion. 20 C.F.R.§§ 404.1527(d)(2) and 416.927(d)(2).

When an ALJ does not give a treating physician's opinion controlling weight, the ALJ must always give "good reasons" for the weight given to a treating source's opinion in the decision. 20 C.F.R. §§ 404.1527(d)(2) and 416.927(d)(2). A decision denying benefits "must contain specific reasons for the weight given to the treating source's medical opinion, supported by evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for the weight." Soc. Sec. Rul. 96-2p, 1996 WL 374188 at *5 (1996). Nonetheless, the ultimate decision of disability rests with the ALJ. King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984).

In this case, Dr. Chavin completed a "Treating Relationship Inquiry," [Tr. 410-413], a four page short-answer questionnaire, which asked Dr. Chavin a variety of questions about the Plaintiff's condition. In the "Relationship Inquiry," Dr. Chavin opined, among other things, that the Plaintiff: could not work a forty hour week; could only sit for less than an hour in an eight-hour day; could only occasionally lift 1-10 pounds; should never left more than 10 pounds; would only be able to sustain a position at a desk for 15 minutes; and would require bed rest. [Tr. 410-13].

The restrictions identified by Dr. Chavin were more restrictive than the residual functional capacity that the ALJ ultimately found the Plaintiff retained. In describing Dr. Chavin's restrictions and the reasons for discounting them, the ALJ stated as follows:

7

> Even though the claimant received treatment from Morristown Pain Consultants for chronic neck cervical spine pain/spondylosis/DDD/multi-level disc bulges, longitudinal records of physical examinations of the claimant demonstrated a normal gait, intact neurological function and equal upper extremity motions/strength with no indications of edema/atrophy/joint swelling or lower extremity deep vein thrombosis/venous insufficiency/joint effusion (Exhibits 11F and 14F). The absence of muscle atrophy indicated that the claimant was using all of her muscles, including her back and neck muscles. It is consistently noted that the claimant ambulated without the assistance of a walking device (Exhibits 11F and 14F).
>
> . . . .
>
> On July 2, 2009, Michael Chavi[n], M.D., of Morristown Pain Consultants, completed a physical capacities assessment of the claimant. Dr. Chavi[n] concluded that the claimant was able to occasionally lift ten pounds and to sit/stand/walk less than one hour of an eight-hour workday with restrictions in performing postural activities, reaching about shoulder level and in exposure to heights/moving machinery/vibrations/humidity/temperature extremes in addition to limitations in fine manipulation due to severe pain. Dr. Chavi[n] determined that the claimant would miss more than two days from work per month (Exhibit 18F). However, the undersigned gives little weight to Dr. Chavi[n's] opinion since it is not supported by the medical reports from the Morristown Pain Consultants (see above).

[Tr. 34-35]. Thereafter, the ALJ explained that his finding that the Plaintiff retained the residual functional capacity to complete light work was supported by the medical opinion of Eva Misra, M.D., an examining physician whose opinion he discussed in detail, and Deborah C. Webster-Clair, M.D., a reviewing physician whose opinion he also discussed in detail. [Tr. 35].

Specifically, the ALJ wrote:

> On June 4, 2007, Eva Misra, M.D., a consultative examiner, evaluated the claimant. A physical examination revealed a well-developed female, normal speech, normal intellectual functioning, a normal gait/station, normal mobility, full muscle strength in all muscle groups, full ranges of muscle motions and negative straight

> leg raises. Dr. Misra observed that the claimant was able to rise from a seated position and to get onto as well as off of the examination table with no difficulties. Dr. Misra did not detect any evidence of clubbing, cynosis or edema. Dr. Misra noted that the claimant did not use an assistive walking device. Dr. Misra opined that the claimant was able to occasionally lift/carry twenty pounds and to frequently lift/carry ten pounds as well as to sit/stand/walk six hours of an eight-hour workday (Exhibit 3F). Dr. Misra's medical opinion supports the undersigned's determination that the claimant is able to perform light work.

[Tr. 34]. In regards to Dr. Webster-Clair, the ALJ explained:

> As for the opinion evidence, on July 3, 2007, Deborah Clair, M.D., a disability determination services physician, completed a physical residual functional capacity assessment on the claimant. Dr. Clair opined that the claimant was able to perform light work and to sit as well as stand/walk six hours of an eight-hour workday with limitations in climbing ladders/ropes/scaffolds, far acuity and reaching in addition to restrictions in exposure to fumes, odors, gases, dusts or poor ventilation (Exhibit 4F). The undersigned gives substantial weight to most of Dr. Clair's opinion since it is supported by the bulk of the medical evidence.

[Tr. 35].

With the parties' positions, the applicable law, and the ALJ's decision in mind, the Court will address each of the Plaintiff's allegations of error in turn.

**A.  Weight Accorded**

The ALJ discounted Dr. Chavin's opinion for a variety of reasons. The ALJ found that the relevant evidence, i.e., Dr. Chavin's treatment notes did not support the opinion, § 404.1527(d)(3). The Court has reviewed Dr. Chavin's treatment notes and agrees that, though they document subjective complaints of ongoing and mild degeneration, these notes do not support the extreme restrictions Dr. Chavin found in his "Relationship Inquiry." For example, on in his notes from February 8, 2008, Dr. Chavin explained that the Plaintiff "can only work four days a week about 4-6

9

hours a day." [Tr. 347]. This prognosis made during the alleged period of disability and about a year and a half before the "Relationship Inquiry" is much less restrictive than Dr. Chavin's later opinions. Similarly, notes from May 30, 2008 portray Plaintiff's condition as improving and note that the Plaintiff reported a 30% improvement in her activity level and had only a slightly stiff gait. [Tr. 343].

In addition, the ALJ noted that Dr. Chavin's restrictions were not consistent with the record as a whole, § 404.1527(d)(4). As the ALJ explained, both Dr. Misra, an examining physician, and Dr. Webster-Clair, a reviewing physician, found that the Plaintiff was capable of light work. Specifically, on June 4, 2007, Dr. Misra concluded that Plaintiff was physically capable of performing a full range of light work[1] after this physical examination. [Tr. 197-99]. Dr. Misra observed that Plaintiff was able to arise from a seated position and get on and off the examination table without difficulty. [Tr. 197-98]. Dr. Misra further noted that Plaintiff's gait and station were normal and that she needed no assistive devices when ambulating. [Tr. 98]. Dr. Misra indicated Plaintiff might have a "mild loss in strength," but that this was not clear, due to lack of effort, during testing of her grip strength. [Tr. 198]. In addition, Dr. Misra noted that Plaintiff had full musculoskeletal strength in all major muscles groups and a full range of motion in all muscle groups, although she did have a reduced range of motion in her cervical spine. [Tr. 198].

Dr. Webster-Clair similarly concluded that the Plaintiff was exertionally capable of performing a range of light work. [Tr. 201]. She found the Plaintiff could lift 20 pounds occassionally and 10 pounds frequently. [Tr. 201]. Further, she found that she could stand and/or walk for six hours in an eight-hour day. [Tr. 201].

---

[1] See 20 C.F.R. § 404.1567(b) ("Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds," along with "a good deal of walking or standing").

The Court has reviewed both doctors' findings and agrees that these opinions support the ALJ's decision to discount Dr. Chavin's opinions.

Further, the ALJ highlighted other factors which tended to contradict Dr. Chavin's opinion, § 404.1527(d)(6). The ALJ found that his decision to discount Dr. Chavin's restrictions and find that the Plaintiff could complete light work was buttressed by the claimant's testimony that she could drive, dress and bathe herself, shop, and do laundry. The Plaintiff correctly notes that minimal daily functions are not comparable to typical work activities. See Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 249 (6th Cir. 2007). Nonetheless, the applicable regulations direct that such information be included in the information to by considered by the ALJ, 20 C.F.R. § 404.1512(b)(3), and the ability to complete such tasks undermines the extreme limitations described by Dr. Chavin.

Notwithstanding the above analysis, the Court also notes that disability determinations are reserved for the ALJ. Blanket statements, like Dr. Chavin's statement that "full time employment is simply not possible [for the Plaintiff]," [Tr. 413], are legal determinations which fall solely within the ALJ's domain. In the context of Social Security, a disability determination ultimately turns upon whether work that accommodates a claimant's residual functional capacity and vocational factors exists in the national economy, not whether the claimant can resume her previous work or other work known to a physician. See Walters, 127 F.3d at 529. While medical observations, opinions, and treatments are well within the physician's expertise, the analysis of the claimant's legal disability falls within the ALJ's professional, legal expertise and, accordingly, the disability determination is reserved for the ALJ's judgment. See SSR 96-5p, 61 Fed. Reg 34471, 34472.

Based upon the foregoing, the Court finds that the ALJ's decision not to afford controlling weight to Dr. Chavin's opinion was supported by substantial evidence. The ALJ weighed the

11

evidence of record and Dr. Chavin's own treatment notes and found that they were inconsistent with the "Relationship Inquiry" completed by Dr. Chavin. Moreover, portions of the "Relationship Inquiry" make disability determinations that are legal determinations reserved for the ALJ's decision.

## B.    Procedural Compliance

Turning to the Plaintiff's second allegation of error, the Plaintiff argues that, even if the ALJ's decision is supported by substantial evidence, the ALJ committed reversible error by not providing "good reasons" for discounting Dr. Chavin's opinion. [Doc. 14 at 18-19]. The Commissioner maintains that the ALJ identified relevant factors which led to his decision and gave sufficient "good reasons" for his determination. [Doc. 16 at 12-13].

As the Commissioner points out, the Court of Appeals for the Sixth Circuit has held that brief explanations of the reasons for discounting a treating physician may satisfy the "good reasons" requirement. For example, in Allen v. Commissioner of Social Security, 561 F.3d 646 (6th Cir. 2009), the Court of Appeals found that a one sentence explanation of the ALJ's reasoning constituted supplying "good reasons" for the weight afforded to the treating physician's opinions contained in questionnaire responses, id. at 651. The court in Allen explained that while the stated reason was brief it touched upon several of the factors that the ALJ is to consider under 20 C.F.R. § 404.1527(d). Id.

In the present case, the ALJ's discussion of his reasons for discounting Dr. Chavin's opinion was not an extremely lengthy discussion, but substantively, it identified and discussed many of the statutory factors, including: the amount of relevant evidence that supports the opinion, § 404.1527(d)(3); the opinion's consistency with the record as a whole, § 404.1527(d)(4); and other factors which tend to support or contradict the opinion, § 404.1527(d)(6). In doing so, the ALJ cited

specific symptoms found in the treatment notes (atrophy), objective observations (the ability to ambulate without assistance), and other medical source opinions in the record (the opinions of Dr. Misra and Dr. Webster-Clair) that undermined the restrictions recommended by Dr. Chavin.

The ALJ's discussion of Dr. Chavin's opinion informed the Plaintiff of the ALJ's reasons for discounting Dr. Chavin's opinion and afforded her the notice and substantive guidance contemplated by the statute. The Court finds that the ALJ complied with the procedural requirements contained in 20 C.F.R. § 404.1527(d)(2) by giving "good reasons" for discounting Dr. Chavin's opinion.

## V. CONCLUSION

Accordingly, the Court finds that the ALJ properly reviewed and weighed the evidence to determine Plaintiff is capable of performing light work. Substantial evidence supports the ALJ's findings and conclusions, and the ALJ has properly explained his decision. Therefore, it is hereby **RECOMMENDED**[2] that Plaintiff's Motion For Summary Judgment **[Doc. 13]** be **DENIED** and that the Commissioner's Motion for Summary Judgment **[Doc. 15]** be **GRANTED**.

Respectfully submitted,

  s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

---

[2] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).