# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| BONNIE S. CLARK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.   ) | No. 3:10-CV-36 |
| ) | (Phillips) |
| MICHAEL J. ASTRUE, Commissioner of ) | |
| Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

On January 19, 2011, the Honorable C. Clifford Shirley, United States Magistrate Judge, entered a Report and Recommendation ("R&R") [Doc. 18] in which he recommended that Plaintiff's Motion for Judgment on the Pleadings [Doc. 13] be denied, and that the Commissioner's Motion for Summary Judgment [Doc. 15] be granted. This matter is now before the Court on Plaintiff's timely objections to the R&R [Doc. 19]. As required by 28 U.S.C. § 626(b)(1) and Rule 72(b)(2), the Court has reviewed *de novo* those portions of the R&R [Doc. 18] to which Plaintiff objects.

On March 5, 2007, Plaintiff filed an application for a period of disability, disability insurance benefits, and supplementary security income ("SSI"). [TR 29]. After Plaintiff's application was denied, an Administrative Law Judge ("ALJ") held a hearing on June 8, 2009. [TR 8-20]. On September 8, 2009, the ALJ decided that Plaintiff was not "disabled."[1] [Id.]. After the Appeals

---

[1] Pursuant to 42 U.S.C. § 1382(a), a person qualifies for SSI benefits on the basis of financial need and either age, blindness, or disability. "Disability" is the inability "[t]o engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A).

1

Council denied Plaintiff's request for review, Plaintiff filed suit in federal court. [Plaintiff's Social Security Complaint, Doc. 2].

In making his decision, the ALJ decided not to give "controlling weight" to Plaintiff's treating physician, Michael A. Chavin, M.D. ("Dr. Chavin"). As noted by Judge Shirley, a treating physician's opinion will be afforded controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record . . ." [R&R, Doc. 18, at 6] [citing 20 C.F.R. §§ 404.1527(d)(2) and 416.927(d)(2)]. When an ALJ does not give a treating physician's opinion "controlling weight," the ALJ must give "good reasons" for the weight given to the opinion. 20 C.F.R. §§ 404.1527(d)(2) and 416.927(d)(2).

In her Memorandum in Support of her Motion for Judgment on the Pleadings [Doc. 14, at 9], Plaintiff argues that the ALJ erred by not affording controlling weight to the opinion of her treating physician. Plaintiff also argues that the ALJ erred by not discussing the weight that was afforded to Dr. Chavin's disability determination. [Id.]. In other words, Plaintiff argues that Dr. Chavin's opinion was not against substantial evidence, and that the ALJ failed to provide "good reasons" for giving it less weight. [Id.]. Plaintiff raises the same arguments in her Objections to the R&R [Doc. 19].

Plaintiff's objections are **OVERRULED**. The Court finds that Judge Shirley has already considered these arguments in the R&R [Doc. 18], which the Court hereby **ACCEPTS IN ITS ENTIRETY**. Judge Shirley's analysis was thorough and well-reasoned, and the Court will not disturb it. Accordingly, Plaintiff's Motion for Judgment on the Pleadings [Doc. 13] is **DENIED**,

and the Commissioner's Motion for Summary Judgment [Doc. 15] is **GRANTED**.  This case is hereby **DISMISSED**.

**IT IS SO ORDERED**.

**ENTER:**

s/ Thomas W. Phillips
United States District Judge